IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DONALD N. CURBOW,

    PLAINTIFF,

v.                                        CASE NO.: CV-03-J-2851-NE

GOVENOR OF ALABAMA,
et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

This cause comes before the court on the defendants' motion for summary judgment (doc. 20), evidence and a brief in support of said motion (docs. 21 and 24) and the plaintiff's response to said motion (doc. 26). Having considered said motion and response, the court finds that it lacks subject matter jurisdiction and therefore this case is due to be dismissed.

The plaintiff is a landowner in Morgan County, Alabama. He inherited this land from his mother, who owned 26.37 acres. She left this land to her three children "equally, to share and share alike" in her will. Her will was admitted to probate in November, 1999. The three children wanted the land subdivided. Under §11-52-30, Alabama Code 1975, as amended, the land is close enough to the City of Decatur that the Decatur Planning Commission had responsibility to approve the division. In June, 2000, the plaintiff's brother, Willis Curbow, as personal representative of his mother's

estate, was told that to get approval for the subdivision of the tract, there would have to be, *inter alia*, dedication of a thirty foot right of way along the centerline of the road, as required by the Morgan County Commission.

Willis Curbow did not meet the conditions and notified the Planning Commission in December, 2000, that he would not agree to them. On December 19, 2000, the plaintiff informed the Commission that he thought the conditions were unconstitutional. Prior conditional approval was withdrawn after the Commission was notified the Curbows would not comply.

In September, 2002, Willis Curbow again asked to meet with the Planning Commission to again request the property be subdivided. He was again told he would have to comply with the conditions. A new Certificate to Subdivide was filed October, 2002. All the conditions, including the dedication of a thirty foot right of way, were met. The certificate was approved and recorded in October, 2002. Willis Curbow then asked to be discharged as executor, and the plaintiff and his sister filed a consent to settlement of the estate, acknowledging they each got their due under the will

The plaintiff then filed this case, *pro se*, on October 21, 2003, alleging an unlawful taking because of the thirty foot right of way along the road.

The remaining defendants argue that the plaintiff's claims are barred by a two year statute of limitations because any stated claim must arise pursuant to 42 U.S.C.

§ 1983.¹  The court, finding it is without jurisdiction, does not reach the issue of when the plaintiff's claims arose.

The plaintiff alleges that the defendants violated his rights by unconstitutionally taking his property, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Assuming, without deciding, that such a taking did occur, the plaintiff has failed to follow the state law procedures to protect his right to just compensation in the event of a taking.

To bring suit in this court, any constitutional claim alleged by plaintiff must have been brought under 42 U.S.C. § 1983.  Section 1983 creates no substantive rights, but is merely a mechanism for vindicating federal rights elsewhere created. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)).  Because the plaintiff claims his property was taken without just compensation, he must be alleging that he was either denied his procedural due process rights or his substantive due process rights.²

---

¹While this case was assigned to another judge, the Governor of Alabama and the Alabama Attorney General were dismissed from this action.  The remaining defendants are the Morgan County Commission Chairman, the Morgan County Engineer, the Mayor of the City of Decatur, and the Chairperson of the City of Decatur Planning Commission.

²The court notes plaintiff's claims seem to be for inverse condemnation.  Such a claim exists where "the government has not directly proceeded to appropriate title or possession of property but has destroyed its actual usefulness and value by reason of the de facto exercise of the power of eminent domain." *Florida East Coast Properties, Inc. v. Metropolitan Dade County,* 572 F.2d 1108, 1111 (5th Cir.1978), *cert. denied,* 439 U.S. 894, 99 S.Ct. 253, 58 L.Ed.2d 240 (1978). The Fifth Amendment's takings clause establishes the basis for inverse condemnation claims, and prevents the government from claiming private property without providing remuneration to the property owner. *Hendler v. United States,* 952 F.2d 1364, 1371 (Fed.Cir.1991).

As to any procedural due process claim the plaintiff attempts to allege, such claim is due to be dismissed because it has failed to allege that the State does not provide adequate procedures to remedy the alleged procedural deficit, and the court finds that the State of Alabama provides a remedy. *See e.g., Cotton v. Jackson,* 216 F.3d 1328, 1330-1331 (11th Cir.2000) ("This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation"(citations omitted).

Having considered the plaintiff's takings claim, that he was the victim of an unlawful taking without just compensation, the court finds this claim due to be dismissed. The Eleventh Circuit has held:

> [T]he property owner must allege either that the state law provides him no process for obtaining just compensation ...) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate. If the property owner makes either allegation, then his Fifth Amendment takings claim is ripe. If, on the other hand, he makes neither allegation (and cannot do so because the state law affords an adequate process for obtaining just compensation), his Fifth Amendment takings claim is not ripe. If such a claim is pending in federal district court, the district court ***must*** dismiss it for lack of subject matter jurisdiction since the owner has failed to establish an Article III "case or controversy."

*Agripost, Inc. v. Miami-Dade County, ex rel. Manager,* 195 F.3d 1225, 1231 (11th Cir.1999) (internal citations omitted; emphasis added).  A Fifth Amendment takings

claim is not ripe for review until the property owner first has exhausted state procedures for obtaining just compensation. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 721, 119 S.Ct. 1624, 1644, 143 L.Ed.2d 882 (1999); *Williamson County Regional Planning Comm'n. v. Hamilton Bank of Johnson City,* 473 U.S. 172, 194-96, 105 S.Ct. 3108, 3120-21, 87 L.Ed.2d 126 (1985); *Anthony v. Franklin County,* 799 F.2d 681, 683 (11th Cir.1986).

Plaintiff's complaint states only that his "guarenteed (sic) rights under the 14th Amendment of the U.S. Constitution, Eminent Domain Laws and U.S. Supreme Court Decision in Dolan v. City of Tigard (1994)" were violated. Complaint, at 4. The complaint mentions nothing regarding whether state law provides him some process for obtaining compensation and/or whether such process is inadequate.[3] Therefore, the Court finds that plaintiff's § 1983 takings claim must be dismissed as the Court lacks subject matter jurisdiction.

Finding that it lacks subject matter jurisdiction to hear this case;

It is therefore **ORDERED** by the court that this case be and hereby is **DISMISSED WITH PREJUDICE** as this court lacks jurisdiction to hear this action.

**DONE** and **ORDERED** this the 29th day of November, 2004.

_____
INGE P. JOHNSON
U.S. DISTRICT JUDGE

---

[3] The Alabama Code sets forth the procedure to obtain review of a condemnation proceeding at §18-1A-1 *et seq.*